### PIGEAU & AL. vs. COMMEAU.

APPEAL from the court of the parish and city of New-Orleans.

Evidence that a curator was appointed in 1813, will be admitted under an allegation that the appointment was made in 1815.

MARTIN, J., delivered the opinion of the court. The plaintiffs state that being unable to satisfy a judgment, they have obtained against their late curator, they pray that a lot he has sold to the defendant, and on which

they have a tacit mortgage, may be sold to satisfy them; they had judgment accordingly, and the defendant appealed.

Latent ambiguity may be explained by parol evidence.

The counsel urges, the judge *a quo* erred in admitting a record and a witness, to which and to whom he excepted; and in giving judgment that the defendant shall be entitled to his recourse against her vendor cited in warranty, by virtue of the judgment, instead of giving judgment against the latter for a specific sum.—*Pilie* vs. *Mollere, vol.* 2, 472.

We are of opinion the record was properly admitted; it is that of the curator's appointment in 1815, and the objection was, that the plaintiffs had stated in their petition that he was appointed in 1813. Even in case of murder, evidence of its commission on a day different from that laid in the indictment, is received to support the charge.

The witness objected to, was offered to explain a latent ambiguity, whether a certain lot on a certain street, was the one which had been sold.

The judgment is clearly erroneous in not according judgment for a specific sum, against the warrantor, and in saving only the remedy against him.

East'n. District.
*January* 1826.

PIGEAU & AL.
*vs.*
COMMEAU.

It is therefore ordered, that the judgment, as far as it regards the warrantor, Garcia, be annulled, avoided and reversed, and that the original defendant Commeau, have judgment against him for six hundred dollars, with costs in both courts, and that the judgment against the original defendant be affirmed with costs.

*Morel* for the plaintiffs, *Hoffman* for the defendant.